UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61899

DEBORAH LITZ,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY,
LLC, d/b/a ERC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff DEBORAH LITZ ("Plaintiff"), by and through undersigned counsel, sues ENHANCED RECOVERY COMPANY, LLC, D/B/A ERC ("Defendant") for violations of 15 U.S.C § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA").

**DEMAND FOR JURY TRIAL**

1. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

3. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

4. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

PAGE | **1** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5.  Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.  Defendant is a Delaware corporation, with its principal place of business located in Jacksonville, Florida.

7.  Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8.  At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

9.  The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. The Consumer Debt represents and/or arises from allegedly outstanding amount Plaintiff originally owed to AT&T, the original creditor of the Consumer Debt with an account number ending in 5829.

11. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA0900170.

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13. Defendant is a business entity engaged in the business of collecting consumer debts.

14. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

16. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

17. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

18. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

19. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant maintains are not current to within one week of the current date.

20. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

21. On or about April-2019, Defendant mailed a collection letter, internally dated April 11, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

22. Defendant engaged in conduct constituting "any action to collect [a] debt," *see* Fla. Stat. § 559.715, by mailing the Collection Letter to Plaintiff.

23. The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

24. No correspondence and/or communication from Defendant to Plaintiff occurred during the five (5) proceeding Plaintiff's receipt of the Collection Letter.

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692g(a), § 1692g(b), and § 1692e

25. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

27. Section 1692g(a) of the FDCPA mandates, *inter alia*, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
> …
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector….

*See* 15 U.S.C. § 1692g(a)(4).

28. Section 1692g(b) provides, among other things, that: "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. 1692g(b).

29. As stated above, the Collection Letter was the first communication Plaintiff received from Defendant, the Collection Letter did not contain the information explicitly required by 15 U.S.C. § 1692g(a)(4), and Plaintiff was not notified of said omitted disclosures within five (5) days of having received the Collection Letter.

30. Here, in an attempt to comply with § 1692g(a)(4) of the FDCPA, the Collection Letter states "[i]f you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt ***or a copy of any judgment that may be of record against you.***." Id. (emphasis added). This language fails to adequately

PAGE | **4** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inform the consumer of the rights he or she enjoys under § 1692g(a)(4) and otherwise unlawfully overshadows the dispute rights enjoyed by the consumer under § 1692g(a)(4) of the FDCPA.

31. Assuming the consumer notifies Defendant in writing within the request timeframe that he or she disputes the underlying debt, Defendant does not satisfy its obligation(s) by mailing a copy of "any judgment" to the consumer. In the event of a properly invoked dispute under § 1692g(a)(4), a debt collector must either (a) provide the consumer with documentation and/or information that validates the underlying debt; or (b) if the underlying debt has been reduced to a judgment, provide the consumer with a copy of such judgment. *See* 15 U.S.C. § 1692g(a)(4).

32. As such, the Collection Letter wrongfully causes the least sophisticated consumer to believe, for example, that if he or she disputes the underlying debt in writing with Defendant, that Defendant's only obligation is to provide the consumer with a copy of *any* judgment, even if the underlying debt has not been reduced to a judgment. Accordingly, by and through the Collection Letter, Defendant violated § 1692g(a), § 1692g(b), and § 1692e of the FDCPA by failing to adequately inform the least sophisticated consumer of, unlawfully misrepresented to, and otherwise unlawfully overshadowed the rights the consumer enjoyed under 15 U.S.C. § 1692g(a).

*COUNT II.*
**VIOLATION OF 15 U.S.C. § 1692e and § 1692e(10)**

33. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

34. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

35. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he use of any false representation or deceptive

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. §1692e(10).

36. Defendant violated § 1692e and § 1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff.

37. In the Collection Letter, Defendant wrongfully portrays the current creditor's willingness to settle the Consumer Debt for less than the full amount as having the same net result as paying the full amount of the Consumer Debt. *See* Collection Letter ("We are authorized to resolve your account for less than the full balance by offering discounted options."). Such language is a misrepresentation of what is being offered, *in that*, the least sophisticated consumer is wrongfully lead to believe he or she is being offered a discount of the amount owed (*i.e.*, the Consumer Debt is being discounted), rather than what *is* being offered, namely, settlement of the Consumer Debt for less than full amount allegedly owed. Such a distinction is important because, for example, settling a debt for less than the full amount is notated differently on a consumer's credit report than a debt that is paid in full, whereby the former is more harmful to a debtor's credit than the latter.

38. Accordingly, by and through the Collection Letter, Defendant wrongfully causes the least sophisticated consumer to erroneously believe that paying a reduced amount will have the same effect as if the full amount was paid, and in so doing, Defendant violates § 1692e and § 1692e(10) of the FDCPA.

## *COUNT III.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**

39. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

40. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

41. The Consumer Debt is a debt governed by the FDCPA. For Defendant to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA.

42. As set forth in *Count I* of this Complaint, Defendant violated § 1682g(a), § 1692g(b), and § 1692e, of the FDCPA and, as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt. Thus, by failing to provide such notice to Plaintiff in conformance with § 1692g(a) of the FDCPA, Defendant knew that, by mailing the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt.

43. Accordingly, by and through the Collection Letter, Defendant attempted to collect a debt from Plaintiff, *namely* the Consumer Debt, that Defendant knew it could not legally collect from Plaintiff in violation of Fla. Stat. 559.72(9).

## **PRAYER FOR RELIEF**

44. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant;

(b) Statutory damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorney's fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: July 28, 2019

                                       Respectfully Submitted,

                                       /s/ Jibrael S. Hindi
                                       **JIBRAEL S. HINDI, ESQ.**
                                       Florida Bar No.: 118259
                                       E-mail:   jibrael@jibraellaw.com
                                       **THOMAS J. PATTI, ESQ.**
                                       Florida Bar No.: 118377
                                       E-mail:   tom@jibraellaw.com
                                       The Law Offices of Jibrael S. Hindi
                                       110 SE 6th Street, Suite 1744
                                       Fort Lauderdale, Florida 33301
                                       Phone:    954-907-1136
                                       Fax:      855-529-9540

                                       *COUNSEL FOR PLAINTIFF*