## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

DEBORAH LITZ,

        Plaintiff,

                                CASE NO: 0:19-CV-61899-RAR

v.

ENHANCED RECOVERY COMPANY,
LLC, d/b/a ERC,

        Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT,
## AND SUPPORTING MEMORANDUM OF LAW

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby files this Motion to Dismiss Plaintiff Deborah Litz's ("Plaintiff") Complaint, and as grounds therefor states as follows:

1.      Ms. Litz filed a three-count complaint against ERC, concerning a letter ERC sent her seeking to collect an overdue AT&T account. Compl. (DE 1).

2.      Specifically, Ms. Litz claims that ERC's letter violated federal laws concerning debt collection because she claims it did not adequately inform her of what ERC would do if she requested verification of her account and that it made misrepresentations concerning the effect of accepting an offer to pay less than what she owed on the subject account.

3.      These claims, however, fail upon a reading of the letter, attached as an exhibit to her complaint, which shows ERC tracked the language of the statute in making the disclosures the statute requires and, further, that the letter contains no representation of the effect of paying less than the amount owed, other than a savings to the consumer.

4.      The third claim, violation of a Florida statute based on violation of the federal ones, also fails. Not only is there no underlying violation of federal law on which she can premise this claim, but the legal theory that it would constitute a violation of Florida law has been repeatedly rejected in this District.

5.      Accordingly, ERC seeks dismissal of the entirety of Ms. Litz's complaint, with prejudice.

WHEREFORE, Defendant, Enhanced Recovery Company, LLC, respectfully requests that this Court enter judgment against Ms. Litz and in its favor, dismissing the claims, with prejudice, awarding ERC its costs and attorneys' fees, and awarding such further relief as the Court deems necessary.

## MEMORANDUM OF LAW

### I.      Introduction

#### a.  Issues before the Court

Ms. Litz has filed a three-count complaint against Enhanced Recovery Company, LLC ("ERC"), alleging that ERC violated provisions of the Fair Debt Collection Practices Act (the "Federal Act") and the Florida Consumer Collection Practices Act (the "Florida Act"). Her complaint presents two issues for this Court to resolve:

1.      Under section 1692g of the Federal Act, a collector is required to disclose certain consumer rights, including that if the consumer submits a written request within thirty days, the collector will send the consumer "verification of the debt or a copy of a judgment against the consumer[.]" ERC's letter notified that, upon receipt of such request, ERC would send the consumer "verification of the debt or a copy of any judgment that may be of record against [the consumer]." Did ERC effectively communicate the rights under section 1692g?

2.     Ms. Litz claims ERC misrepresented the effect of accepting a settlement offer *vis a vis* fully paying the account. ERC's letter offered to resolve the subject account for less than the full balance and presented discounted options to resolve the account without any representations concerning the effect of paying less than owed to resolve the account. Did ERC misrepresent the effect of accepting a discounted payment option?

Finally, Ms. Litz asks the Court to impose liability under the Florida Act against ERC because of the alleged violations of the Federal Act. This final claim is flawed not only because the underlying claims fail, as a matter of law, but because the Florida Act does not support such a tag along claim. Accordingly, Ms. Litz's complaint against ERC should be dismissed, with prejudice, for failure to state a claim for which relief may be granted.

**b.  Legal Standard**

A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if it does not contain more than mere labels or conclusory statements as to its claim; a formulaic recitation of the elements of the pled cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must not assume the validity of legal conclusions and such conclusions must be supported by factual allegations. *Miljkovic v. Shafritz & Dinkin P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015). That is, legal conclusions may only provide the framework of the complaint; they must be supported by well-pleaded factual allegations. *Iqbal*, 556 U.S. at 679.

The Court may properly consider the complaint's exhibits as part of the complaint for purposes of a Rule 12 motion. *Miljkovic*, 791 F.3d at 1297 n.4; Fed. R. Civ. P. 10(c). Accordingly, when ruling on the motion to dismiss, the Court may not consider allegations in the complaint conflicting with the attached exhibits.

3

The question of whether a collector has failed to present disclosures required under section 1692g of the Federal Act is a question of law for the Court and can be dismissed on the pleadings. *Leonard v. Zwicker & Assocs., P.C.*, 713 Fed. App'x 879, 883-84 (11th Cir. 2017) (affirming dismissal of section 1692g claim). Likewise, a Court can resolve the question of whether the plaintiff alleges facts sufficient to state a claim under section 1692e, including whether the content of an exhibit is deceptive, on the pleadings. *Miljkovic*, 791 F.3d at 1307 (affirming dismissal of claims under section 1692e, with prejudice, for failure to state a claim).

## II. ERC's letter presents the required section 1692g disclosures and uses the statute's language to do so.

In the first count of the complaint, Ms. Litz claims that ERC failed to apprise her of her rights as required under section 1692g of the Federal Act. But the language Ms. Litz challenges is included in the statute itself—in the very provision requiring ERC to make the disclosure. Under the standards employed in this Circuit, Ms. Litz's claims under section 1692g fail as a matter of law.

Section 1692g(a) of the Federal Act provides in its entirety:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (2018).[1]

"To satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Leonard*, 713 Fed. App'x at 882. Letters comply with section 1692g(a) of the Federal Act when they provide its disclosures with language that tracks the statute. *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1336-37 (S.D. Fla. 2017); *Pimental v. Nationwide Credit, Inc.*, No. 17-20226-WILLIAMS/TORRES, 2017 WL 5633310, at *5 (S.D. Fla. Nov. 13, 2017). In *Valle*, the consumer—represented by the same counsel as Ms. Litz here—claimed a letter including "an almost verbatim recitation of the information required by § 1692g(a)(3)-(5)" violated section 1692g of the Federal Act. *Valle* 252 F. Supp. 3d at 1336. The complaint asserted that quoting the statutory language does not adequately inform of consumer rights. *Id.*

District Judge Scola granted judgment on the pleadings for the collector on this claim. *Id.* at 1337. After noting that the consumer did not specify how use of the statutory language violated section 1692g, and rejecting her cited cases as inapposite, the court reasoned:

Courts have found that collection letters that track the language required by § 1692g do not violate the [Federal Act.] *See, e.g.*, *Shorty v. Capital One Bank*, 90 F. Supp.2d 1330, 1332-33 (D.N.M. 2000) (granting the defendant's motion for judgment on the pleadings in part because a debt validation notice "follows the language of § 1692g."); *Aronson v. Comm. Fin. Servs., Inc.*, 1997 WL 1038818, *3 (W.D. Pa. Dec. 22, 1997) (granting summary judgment in favor of the defendant in part because the collection letters "properly track the language required by 15 U.S.C. § 1692g.").

---

[1] In her complaint, Ms. Litz claims that ERC's letter violates subsection b, which prohibits overshadowing the rights disclosed as required under subsection (a). Compl. (DE 1) at ¶ 32. The factual allegations, however, only claim that ERC failed to provide the disclosures under subsection (a). *Id.* at ¶¶ 25-32.

*Id.*

Six months later, District Judge Williams followed suit, dismissing a claim brought by the same attorneys under section 1692g for failure to state a claim where the claim challenged language tracking the statute. *Pimental*, 2017 WL 5633310, at *5. Judge Williams, citing to much of the same case law as Judge Scola, reasoned that "[c]ourts that have considered whether quoting the statutory language sufficiently complies with the [Federal Act] have held that 'the faithful copying of the statute gives the consumer the notice Congress intended the consumer to receive.' " *Id.* (*quoting Nasca v. G.C. Servs. Ltd. P'ship*, No. 01-cv-1012 (DLC), 2002 WL 31040647, at *7 (S.D.N.Y. Sept. 12, 2002)).

Ms. Litz claims here that ERC's letter violated section 1692g, and consequentially section 1692e, based on the conclusion that if there is no judgment entered against the consumer, then ERC need not take any action in response to a consumer's written request for validation. Compl. (DE 1) at ¶ 30-31. This claim fails as a matter of law because ERC's letter accurately apprises Ms. Litz of her rights and does so using the language provided in section 1692g itself.

Here, ERC's letter tracks the language from the section 1692g disclosures, changing the language largely to remove the third person. ERC's letter and the statute provide, respectively:

| ERC letter: |
| --- |
| If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you. |
| 15 U.S.C. § 1692g(a)(4): |
| if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector |

Compl. (DE 1-3) at Exh. 1; 15 U.S.C. § 1692g(a)(4) (2018).

6

A review of the statutory disclosure language and ERC's letter shows that ERC hewed close to the statute's language in presenting the required disclosures. With respect to the judgment language, which Ms. Litz challenges in her complaint, ERC changed "a copy of a judgment against [you]" to "a copy of any judgment that may be of record against you."

It is not clear from the complaint how Ms. Litz claims ERC's letter represents a material departure from the statute's language to violate the requirement to present the disclosure. But the slight alterations from the statute to ERC's letter would not make it less likely that a consumer would request verification of his or her debt or know how to make such a request.

To the extent Ms. Litz argues ERC should have unilaterally edited the statutory disclosure if there is no judgement against the consumer, courts have long rejected this argument. *See Moore v. Ingram & Assocs., Inc.*, 805 F. Supp. 7, 9 (D.S.C. 1992); *In re Barr*, 54 B.R. 922 (D. Or. 1985); *Blackwell v. Prof'l Bus Sers. of Ga., Inc.*, 526 F. Supp. 535, 539 (N.D. Ga. 1981)). In *Moore, Barr*, and *Blackwell*, the consumers challenged the collector including the alternative that it would send the consumer a copy of the judgment when the collector knew it was not collecting a debt that had been reduced to judgment. Each of these courts rejected that argument, finding that the collector's use of the statutory language did not violate the Federal Act even though one of the alternatives listed in the notice was not applicable. *Moore*, 805 F. Supp. at 9; *In re Barr*, 54 B.R. at 926; *Blackwell*, 526 F. Supp. at 539. The *Moore* court reasoned:

> Even the least sophisticated consumer understands that the word "or" means that one of two alternatives will be taken. Moore seeks this court to find that "or" is misleading unless both of the alternatives apply to every situation. The court cannot make such a finding.

*Moore* 805 F. Supp. at 9.

The Seventh Circuit Court of Appeals echoed this reasoning in *Jang*, in which it held that a collection notice tracking the statutory language was not misleading under the Federal Act.

*Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 484 (7th Cir. 1997). In *Jang*, the collector sent the required disclosures, but when it received a request for verification chose to discontinue collection rather than provide verification or a judgment—an option the Federal Act permits. *Id.*; *see* 15 U.S.C. § 1692g(b). The Seventh Circuit reasoned:

> When a debt collector provides the language required by the statute, and only the language required by the statute, we hold that a collection letter cannot be false, misleading or deceptive merely because the collection agency always chooses one statutorily allowed path (ceasing all collection activity) over the other (providing debt verification).

*Id.*

Finally, to the extent Ms. Litz bases her claim on speculation that ERC would have violated the law had she sought verification, this cannot state a claim under the Federal Act. If Ms. Litz had sought verification, section 1692g(b) would have required ERC to cease collection activity until it provided Ms. Litz with verification of the debt or a copy of the judgment. 15 U.S.C. § 1692g(b). That is, if ERC had skirted its statutory obligations by providing a judgment unrelated to her account or else continued collection based on there being no relevant judgment, Ms. Litz would then have a viable claim against ERC under section 1692g(b). But Ms. Litz cannot state a claim based on what ERC *might* have done, *had* she requested verification, especially since she has not alleged any facts to suggest ERC would have taken this tack.

ERC's letter clearly discloses to the consumer the rights stated under section 1692g of the Federal Act. With respect to section 1692g(a)(4), ERC notified the recipient that, upon receipt of a written request for verification, it would obtain and send to the consumer verification of the account or a copy of a judgment if one is of record against the consumer. The statute, and thus the letter, does not suggest ERC can ignore the request if there is no judgment against the consumer—just as it does not suggest that ERC can ignore the request if it cannot obtain

8

verification of the account (i.e., if the account cannot be verified). As such, Count I of the complaint should be dismissed, with prejudice.

**III.    There is nothing misleading about the letter's offer to accept less than what is owed to satisfy the subject account.**

Count II of the Complaint asserts a claim under section 1692e of the Federal Act for claiming that ERC's letter offers a settlement offer to the consumer but fails to detail all of the consequences of accepting such an offer. This claim fails because ERC's letter presents an offer to settle the subject account and does not purport to advise the consumer about any effects of accepting such offer, nor was it required to do so.

Section 1692e of the Federal Act generally prohibits making false and misleading communications concerning an account. 15 U.S.C. § 1692e (2018). Its subsection (10) amplifies this general prohibition, and prohibits, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10) (2018).

A collector is not required to inform a consumer of all ramifications of accepting an offer to pay less than what is owed to resolve an account. *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194-95 (2d Cir. 2015). In *Altman*, the consumer received a letter that stated in part, "we have been authorized to negotiate GENEROUS SETTLEMENT TERMS on this account . . . 1. Settle your account now for a lump-sum payment of $3,155.43. *That is a savings of 48% on your outstanding account balance.*" *Id.* at 193 (emphasis in original). The consumer sued under section 1692e of the Federal Act, claiming the collector should have disclosed that savings on the account would be offset by possible tax consequences, and the collector should have disclosed this fact. *Id.* at 194. The Second Circuit affirmed dismissal of the consumer's claim on the pleadings, reasoning that the letter only stated the savings was on the outstanding balance and

any potential tax consequences would not affect the savings on the outstanding balance. *Id.* The *Altman* court further found that the consumer's reading of the letter was objectively unreasonable, as a matter of law, and accordingly, could not be the basis for a viable Federal Act suit under the least sophisticated consumer standard. *Id. See also Schaefer v. ARM Receivable Mgmt., Inc.*, No. at *5 (D. Mass. July 19, 2011) ("requiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral consequence of settling a pre-existing debt seems far afield from even the broad mandate of [the Federal Act] to protect debtors from abusive debt collection practices").

A letter that offers a settlement offer does not imply that accepting the settlement offer will have the same effect as paying the account in full. *Valle*, 252 F. Supp. 3d at 1341. In *Valle*, also discussed in Part II above, the consumer claimed a letter providing a "discounted offer" to accept 20% of the balance of an account, wrongfully claimed that paying the settlement would have the same effect as paying the full amount of the account. *Id.* District Judge Scola rejected this claim, finding:

> The letter makes no representation that acceptance of the discounted offer would have the "same net result as paying the full amount of the debt," nor has the [consumer] pointed to any statutory requirement or case law requiring that a debt collector disclose the tax or credit consequences of settling a debt for less than the full amount The mere fact that the letter describes the offer being extended by the [collector] does not constitute a false representation or a deceptive means of collecting a debt.

*Id.* As a result, Judge Scola granted judgment on the pleadings for the collector on this claim.

ERC's letter plainly states, "We are authorized to resolve your account for less than the full balance by offering discounted options." Compl. (DE 1-3) at Exh. 1. Ms. Litz claims that ERC mischaracterizes the effect of accepting a settlement offer, specifically that a collection account reported as settled rather than paid in full could be a more negative factor on a

consumer's credit report. But like the consumers in *Altman* and *Valle*, Ms. Litz bases her claim on something not included in ERC's letter. There is nothing in ERC's letter that makes ***any*** representation concerning such a collateral consequence of settling Ms. Litz's pre-existing obligation. Rather ERC's letter merely presented Ms. Litz with options to pay less than the full amount to resolve her AT&T account that ERC was seeking to collect. The only representation was that ERC, on behalf of AT&T, would accept less than what she owed to resolve the account.

To accept Ms. Litz's claim, that a collector must detail all potential collateral consequences of accepting a settlement offer, ignoring its conflict with case law, would effectively end the practice of making settlement offers to a consumer. If, as Ms. Litz asserts, a collector is required to detail any collateral consequence to accepting (or declining) a settlement offer, the result would be overlong, complicated letters that are more likely to confuse than clarify. *See e.g., Knight v. Midland Credit Mgmt. Inc.*, No. 17-3118, 2019 WL 1516941, at *5-10 (E.D. Pa. Apr. 5, 2019) (holding that letter's attempt to explain difference in reporting for accepting a settlement would confuse the least sophisticated consumer); *Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-cv-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016) (finding claim for confusion stated on letter stating "[p]lease be advised that any settlement which waives $600.00 or more in principal of a debt may be reported to the Internal Revenue Service by our client."); *Landes v. Cavalry Portfolio Servs., LLC*, 774 F. Supp. 2d 800, 806 (E.D. Va. 2011) ("tasking Cavalry with interpreting the complex provisions of the federal tax code and then applying its interpretations to the varying circumstances of individual consumers like Landes *would* constitute the unauthorized — and potentially criminal — practice of law.").

This cannot be the result compelled by the Federal Act. *See Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 775 (7th Cir. 2007) ("There is nothing improper about making a

settlement offer."); *Lewis v. ACB Bus. Servs., Inc.*, 1355 F.3d 389, 399 (6th Cir. 1998) ("simply offering to discount a debt to encourage a consumer to pay promptly is in no way a deceptive . . . debt collection practice.").

Ms. Litz's claim that ERC misrepresented that accepting a settlement of the subject account will have the same effect as fully paying the account is not based on the actual language in ERC's letter. The letter, attached as an exhibit to the complaint, merely states that ERC is offering discounted options to resolve the account, just as in *Valle*. And, as in *Valle*, this claim fails and should be dismissed with prejudice.

### IV. The claims under the Florida Act fail because the underlying Federal Act claims fail and the legal theory is unsound.

Finally, Count III of the complaint alleges a claim under the Florida Act for ERC asserting the existence of a legal right that it knows not to exist. Compl. (DE 1) at ¶ 40-43. Ms. Litz does not introduce any new facts to support this claim but merely claims that if ERC violated section 1692g off the Federal Act, then it was not permitted to collect on the account. As discussed in Parts II and III above, the premise of this argument fails, as ERC's letter did not violate the Federal Act. Additionally, this claim fails because, even if ERC had violated the Federal Act, which it did not, this standing alone would not violate the Florida Act.

The Florida Act, like the Federal Act, prohibits collectors from certain acts in collecting on a consumer accounts. *See* § 559.72, FLA. STAT. (2018). Section 559.72(9), Florida Statutes, on which Ms. Litz bases her claim, provides:

> In collecting consumer debts, no person shall:
> ***
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

§ 559.72(9), Fla. Stat. (2018). Ms. Litz does not claim that ERC violated the first clause of the subsection, only that its sending of a letter that did not present the full disclosure required under section 1692g retroactively rescinded its authority to collect the account. Compl. (DE 1) at ¶ 42. This argument is faulty for at least three reasons.

First, as discussed in Part II above, ERC's letter did comply with 1692g's requirements. The letter plainly discloses the statutory information and uses the statute's own language to do so. Thus, it complied with section 1692g. But even if it did not so comply, the Florida Act does not impose strict liability on this claim. Rather subsection 9 only prohibits asserting rights **known** not to exist. § 559.72(9), Fla. Stat. *See also Pollock v. Bay Area Credit Serv., LLC*, No. 08-61101-Civ, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009) ("it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist"). Accordingly, not only would the letter have to be defective under section 1692g, which it was not, but ERC also would have to know that fact and that such defect would vitiate its authority to collect the account, which it would not.

Second, section 1692g gives collectors five days from the initial communication to provide its disclosures. *See also* 15 U.S.C. § 1692g(a); Compl. (DE 1) at ¶¶ 27, 29. As ERC's letter is alleged to be the initial communication, Compl. (DE 1) at ¶ 29, the violation of section 1692g would not have occurred until after five days elapsed from sending the subject letter. Accordingly, even if Ms. Litz's legal theory were correct, ERC would not have been stripped of its authority at the time that it sent the subject letter.

Finally, Ms. Litz's legal theory is not correct; courts consistently reject the argument that a violation of the Federal Act, standing alone, constitutes a violation of section 559.72(9). *See e.g.*, *Mesa v. Pa. Higher Educ. Assistance*, No. 16-24566-Civ-WILLIAMS/TORRES, 2017 WL

8812736, at *10 (S.D. Fla. Dec. 13, 2017), *R & R adopted* Dkt. 217 (Mar. 13, 2018) (slip. op.); *Read v. MFP, Inc.*, 88 So. 3d 1151, 1155 (Fla. 2d DCA 2012); *Beeders v. Gulf Coast Collection Bureau, Inc.*, No 8:09-cv-458-EAK-AEP, 2010 WL 2696404, at *6 (M.D. Fla. July 6, 2010). The *Mesa* court dismissed claims against a defendant under subsection 9 because the consumer did not allege that the debt pursued was illegitimate or that the defendant acted in pursuit of a non-existent legal right. *Mesa*, 2017 WL 8812736, at *10. Judge Torres continued,

> And if [the plaintiff's] argument is somehow premised on the assertion that [the collector] failed to comply with the provisions of the [Federal Act], courts have found that argument to be unpersuasive because if that [were] true then "any and all violations of any provision of the [Federal Act] would constitute a violation of section 559.72(9) as a matter of law, which is clearly not the case."

*Id.*

Likewise, District Judge Williams rejected this same theory when Ms. Litz's counsel presented it in *Pimental. Pimental*, 2017 WL 5633310, at *5. Judge Williams reasoned that the consumer:

> provides no authority to support her proposition that violations of the [Federal Act] negate the right to collect a debt and nothing in the [Federal Act], or the [Florida Act], negates the right to collect a debt because of a violation of the statute.

*Id.*

Like the consumers in *Mesa, Read,* and *Pimental*, Ms. Litz has not alleged that ERC asserted the existence of any right to her. All it did was seek to collect on her account. Further, as those courts found, even if ERC had violated some other provision of the Florida or Federal Acts, it would not follow that it knowingly asserted the existence of a right it knew not to exist in seeking to collect. Accordingly, even if Ms. Litz had stated a claim in Count I under the Federal Act, which she did not, Count III of the complaint would still be due to be dismissed.

## V.  Conclusion

ERC sent Ms. Litz a letter, in which it used statutory language to provide consumer disclosures, and offered Ms. Litz an opportunity to pay less than the amount she owed on the subject account. Rather than take advantage of this savings opportunity, Ms. Litz filed a lawsuit against ERC, asserting three claims that have all been rejected by courts sitting in this District when argued by the same counsel as represents Ms. Litz here.[2] Ms. Litz's claims are not meritorious and run contrary to the very policies of the Federal and Florida Acts. Accordingly, the complaint should be dismissed, with prejudice.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Richard D. Rivera*
Scott S. Gallagher
Florida Bar No. 0371970
Email: ssgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
Nicole Kalkines
Florida Bar No. 1003293
Email: nkalkines@sgrlaw.com
50 North Laura St, Suite 2600
Jacksonville, FL 32202
(904) 598-6111
(904) 598-6211 fax
*Attorneys for Defendant*

---

[2] Notably, her counsel also filed two other cases on the same date, concerning similar letters as ERC's letter here and asserting the same claims. *See Porras v. Enhanced Recovery Co. LLC*, No. 0:19-cv-61898-RKA, Dkt. 1 (S.D. Fla. July 28, 2019); *Litz v. Enhanced Recovery Co., LLC*, No. 0:19-cv-61899-RAR, Dkt. 1 (S.D. Fla. July 28, 2019); *McKenzie v. Enhanced Recovery Co., LLC*, No. 0:19-cv-61900-WPD, Dkt. 1 (S.D. Fla. July 28, 2019).

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 5th Street, Suite 1744
Fort Lauderdale, FL 33301

*Attorneys for Plaintiff*

/s/ Richard D. Rivera
Attorney